7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

**DEC 1 8 2002**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| **ELIAQUIN DUARTE HERRERA,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. B-02-170 |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

## ORDER

Before the court are Herrera's Petition to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1), and United States of America's Response and Motion to Dismiss Herrera's Motion for Relief Under § 2255 (Doc. 6). The Court hereby DENIES Herrera's Motion for Relief Under § 2255.

## GROUNDS FOR RELIEF

In his motion for relief under 28 U.S.C. § 2255, Herrera presents the following four grounds for relief:

1) Whether Herrera's guilty plea was involuntary;

2) Whether Herrera's forty six month sentence exceeds the maximum punishment;

3) Whether Herrera's Sixth Amendment right to the effective assistance of counsel on appeal was violated;

4) Whether Herrera's conviction is constitutionally deficient under the United States Supreme Court's decision in *Immigration Naturalization Service v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271 (2001).

### Involuntary Guilty Plea

The Court, after having reviewed the file and all relevant law, finds that the district court

advised Herrera of the nature of the charges and the consequences of his guilty plea, including the range of punishment and the waiver of pertinent constitutional rights. The Court finds that the district court complied with Federal Rule of Criminal Procedure 11; therefore, there is no indication that Herrera's plea was involuntary.

## Maximum Punishment

Herrera pled guilty to violations of 8 U.S.C. §§ 1326 (a) and (b). Although the maximum punishment for violation of § 1326 (a) is two years, the maximum punishment for violation of §1326 (b) twenty years:

> (b) Criminal penalties for reentry of certain removed aliens
>     Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection–
> (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.

Herrera's 46 month sentence is well within the realm of sentencing allowed under 8 U.S.C. § 1326 (b).

## Effective Assistance of Counsel on Appeal

Herrera has not met his burden to show (1) that counsel's representation "fell below an objective standard of reasonableness" and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-7, (2000) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Herrera's counsel, Timoteo E. Gomez, reports that he discussed Herrera's rights of appeal and that Herrera never requested that an appeal be perfected for him. In fact, the district court also admonished Herrera with respect to his rights of appeal. Mr. Gomez's letter attached to Doc. 6 as Exhibit A is sufficient proof that Herrera never requested that Mr. Gomez file an appeal on his behalf.

**Deficiency of Conviction under *I.N.S. v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271 (2001).**

Herrera entered a plea of guilty to trafficking Methamphetamine in the Superior Court of Hall County, Georgia on March 13, 2000. He was sentenced to serve 15 years on that date. (PSR 24). Under the rule of law in *St. Cyr*, the AEDPA limitation on and the IIRIRA elimination of relief under 8 U.S.C. §1182(c) could not be applied retroactively to him. Herrera's aggravated felony conviction and 15 year sentence make him ineligible for any relief from removal, therefore, his removal order is upheld by this Court.

DONE this 17th day of December, 2002, in Brownsville, Texas.

Filemon B. Vela
United States District Judge